## T. & P. R. R. Co. v. R. M. McMullen.

### (No. 1713, Op. Book No. 3, p. 532.)

APPEAL from Parker County.    Opinion by WINKLER, J.

§ 160. *Time checks for labor on railroad done for a contractor; liability of railroad company for.* Suit against a railroad company upon certain time checks issued to laborers by a contractor engaged in the construction of the road, for labor performed in building the road. *Held,* that the checks were assignable and carried the lien with them, and that the railroad company was liable for the same.

§ 161. *Jurisdiction; liens upon real estate cannot be enforced by county or justices' courts.* County courts and justices' courts have no jurisdiction to adjudicate and enforce liens upon real estate. This jurisdiction is confined to district courts. [Const. art. V, secs. 8–16.]

§ 162. *Jurisdiction of justices to foreclose mortgages or liens.* Justices of the peace have power to foreclose mortgages and enforce liens on personal property when the amount in controversy is within their jurisdiction. [R. S. art. 1539.] But they have no jurisdiction in suits for the trial of title to land, or of suits for the enforcement of liens on land. [R. S. art. 1544.]

§ 163. *Jurisdiction of county or justices' courts to foreclose lien on road-bed of railroad.* Neither the county or justices' courts have jurisdiction to foreclose a lien upon the grade or road-bed of a railroad, the same being real estate within the meaning of the law conferring jurisdiction upon those courts.

April 16, 1881.                    Reversed and reformed.